UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE MARTINEZ, an individual,

    Plaintiff,

v.

MATTHEW SKAGGS, individually,

    Defendant.

Case No. 1:24-CV
Hon.:

| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>***Attorney for Plaintiff***<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com | |

## COMPLAINT

The plaintiff Stephanie Martinez, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff Stephanie Martinez is a woman who currently resides in Oklahoma but who at the time of the incident described in this complaint lived in the County of Calhoun, State of Michigan.

2. The defendant Matthew Skaggs was a police officer for the Emmett Township police department all times relevant to this complaint.

3. The events complained of occurred on or about January 12, 2023 at or near Emmett Township, County of Calhoun, State of Michigan.

4. The acts complained of were committed by officer Skaggs under color of State law but not under a legitimate exercise of governmental authority.

5. This claims in this action arise in part under 42 USC § 1983.

6. Jurisdiction arises under 28 USC § 1331, 28 USC § 1332, and 28 USC § 1337.

7. Certain claims in this action arise under the supplemental jurisdiction of this court to hear and decide state law claims arising under the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 7 of this complaint.

9. On January 12, 2023 the defendant performed a traffic violation stop of a car Ms. Martinez was driving when she allegedly did not make a complete stop at a traffic light.

10. Ms. Martinez pulled into the parking lot of a Culver's Restaurant on Beckley Road.

11. The defendant then asked Ms. Martinez for her driver's license.

12. Ms. Martinez told the defendant that she had left her license in her purse at the hotel at which she was staying but she would show him a photo of it on her phone.

13. The defendant impatiently pressured Ms. Martinez to produce the photo, so Ms. Martinez, scared, told him that she needed to record the incident on her cell phone.

14. The defendant then forcibly grabbed Ms. Martinez's cell phone out of her hand and threw it on the dashboard of her vehicle.

15. Ms. Martinez grabbed her cell phone back from the dashboard and told the defendant that she had a right to record.

16. Ms. Martinez then explained to the defendant that she was afraid, confused and having a panic attack.

17. The defendant again then forcibly grabbed the cell phone from Ms. Martinez's hand, and this time he threw it down on the top of her vehicle.

18. The defendant then opened Ms. Martinez's car door, grabbed her, pulled her aggressively out of her car, spun her around, pulled her hands behind her back and handcuffed her, injuring one of her shoulders in the process.

19. Ms. Martinez's panic attack, in the meantime, was continuing and worsening.

20. Ms. Martinez yelled for her young son to grab her phone and keep recording.

21. Ms. Martinez's son could not effectively record what was happening because the screen of Ms. Martinez's phone had been damaged by the defendant's mishandling of it.

22. Suffering a hot flash, pain in her back and chest, and other symptoms of a panic attack, Ms. Martinez requested medical attention.

23. The defendant took Ms. Martinez to the emergency room only after a commanding officer and other officers arrived at the scene.

24. In the emergency room Ms. Martinez was diagnosed with a panic attack.

25. The defendant then took Ms. Martinez to the Calhoun County jail.

26. The defendant then requested a felony charge against Ms. Martinez of resisting and obstructing a police officer.

27. After an overnight stay in jail, in which an open window allowed people to see her naked, Ms. Martinez was released on personal recognizance.

28. The charge against Ms. Martinez was eventually dropped when she went to court.

29. As a result of the unlawful conduct of the defendant Ms. Martinez suffered and will continue to suffer physical pain and suffering, emotional distress requiring therapy, anger, humiliation, fear, and other damages.

## **COUNT I – VIOLATIONS OF CONSTITUTIONAL RIGHTS**

30. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 29 of this complaint.

31. It is clearly established that an employee of a governmental entity cannot arrest a private citizen without having probable cause to do so under the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. It is also clearly established that an employee of a governmental entity cannot retaliate against a private individual for exercising and attempting to exercise her right of free speech guaranteed by the First Amendment of the Constitution of the United States.

33. It is further clearly established that an employee of a government identity cannot use excessive force against an individual in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

34. It is moreover clearly established that an employee of a governmental entity cannot bring or influence a prosecutor to bring a prosecution against a private citizen without probable cause in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and to retaliate against her because of her exercise of her rights under the First Amendment.

35. By his actions as described above the defendant Skaggs violated Ms. Martinez's clearly established constitutional rights set forth above.

36. The defendant could not reasonably have believed that his actions described above were within the constitutional limitations on the exercise of his authority under First, Fourth and Fourteenth Amendments to the Constitution of the United States.

37. As a result of the unconstitutional conduct set forth above, the plaintiff suffered and will continue to suffer the damages set forth above.

38. These claims are actionable under 42 USC § 1983.

WHEREFORE, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 USC § 1988, and any other relief this court deems fair and just.

## COUNT II – INTENTIONAL TORTS

39. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 38 of this complaint.

40. The acts of the individual defendant constitute a battery, false arrest, false imprisonment, malicious prosecution, statutory conversion, and common law conversion.

41. These claims are actionable in part under MCL 600.2907 and MCL 600.2919a.

WHEREFORE, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus treble damages, all recoverable interests, costs, attorney's fees under 42 USC § 1983, and any other relief this court deems fair and just.

Dated: September 24, 2024　　　　　　　　WILLIAM F. PIPER, PLC.
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

　　　　　　　　　　　　　　　　　　　　By:　 _/s/ William F. Piper_
　　　　　　　　　　　　　　　　　　　　　　William F. Piper (P38636)
　　　　　　　　　　　　　　　　　　　　BUSINESS ADDRESS:

9848 Portage Rd.
Portage, Michigan 49002
Phone: 269.321.5008
Fax: 269.321.5009